IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00483-M

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* K3 ANALYTICS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAKER ROOFING COMPANY, LLC f/k/a BAKER ROOFING COMPANY,<br><br>Defendants. | **UNITED STATES OF AMERICA'S NOTICE OF DECLINATION AND SETTLEMENT, AND REQUEST TO UNSEAL CERTAIN CASE DOCUMENTS** |

Pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4)(B), the United States notifies the Court of its decision not to intervene in this action.

On August 22, 2024, K3 Analytics, LLC, ("Relator") filed its *qui tam* complaint (the "Complaint") against Defendants Baker Roofing Company, LLC. The United States investigated the allegations. The United States, Relator, and Defendants have entered into a settlement agreement as to the following Covered Conduct:

> In early April 2020, Baker Roofing Company, a Virginia Corporation ("Baker Roofing VA")[1] submitted an application for a first-draw loan under the PPP. In the application, Baker Roofing VA certified that it was "eligible to receive a loan under the rules in effect at the time this application is submitted," including the PPP borrower size restrictions. Baker Roofing VA further certified that "[c]urrent economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

---

[1] Defendant Baker Roofing Company, LLC is the successor-in-interest to Baker Roofing VA.

1

> Baker Roofing VA's PPP loan application was approved. Pursuant to that approval, Truist Bank issued a $2,387,800 first-draw PPP loan to Baker Roofing VA (the "Loan") on April 17, 2020. Contrary to the certification in its application, Baker Roofing VA was not eligible to receive the PPP loan. In particular, when considered with its affiliates—including Baker Roofing Company, a North Carolina corporation ("Baker Roofing NC"), which had overlapping ownership, common management, and an identity of economic interest with Baker Roofing VA—Baker Roofing VA had more than the allowed amount of revenue and employees. Additionally, Baker Roofing VA's affiliates and owners provided the corporation with other sources of liquidity to support its ongoing operations.
>
> Baker Roofing VA subsequently applied for and obtained complete forgiveness of the Loan, certifying on its forgiveness application that it was eligible to obtain forgiveness of the Loan. Because Baker Roofing VA, when considered with its affiliates (including Baker Roofing NC), did not satisfy the PPP program's size restrictions, it was not eligible to obtain forgiveness of the Loan.

In conjunction with the settlement agreement, the United States anticipates Relator will file a notice of voluntary dismissal (subject to the terms of the settlement agreement) of the Complaint. In light of the settlement agreement, and pursuant to 31 U.S.C. § 3730(b)(1), the United State consents to the dismissal of the Complaint.

Should Relator continue pursuing this case pursuant to 31 U.S.C. § 3730(c)(3), the United States respectfully requests that all pleadings filed in this action be served upon the United States. The United States also requests that orders issued by the Court be sent to the United States' counsel. The United States reserves the right to order any deposition transcripts, to intervene in this action, for good cause, at a later date, and to seek the dismissal of Relator's action or claim. The United States also respectfully request that it be served with all notices of appeal.

Finally, the United States respectfully requests that Relator's Complaint, notice of appearance, the Government's motions to extend the seal period, the Court's

orders granting those motions, this Notice, and the attached proposed Order be unsealed (but not the various memoranda in support of the Governments' motions). The United States respectfully requests that memoranda and all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended.

A proposed order accompanies this notice.

Respectfully submitted this 16th day of June, 2025.

> DANIEL P. BUBAR
> Acting United States Attorney
>
> BY: /s/ Andrew Kasper
>
> ANDREW KASPER
> Assistant United States Attorney
> United States Attorney's Office
> Eastern Division of North Carolina
> 150 Fayetteville Street, Suite 2100
> Raleigh, NC 27601
> Telephone: (919) 856-4829
> Facsimile: (919) 856-4487
> Email: Andrew.Kasper@usdoj.gov
> N.C. Bar No. 44515
>
> *Attorney for the United States of America*

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Notice of Declination was mailed, postage prepaid, this 16th day of June 2025, to the below-listed counsel:

counsel:

Lisa Walker
P.O. Box 1473
Knightdale, NC 27545
lisa@lisawalkerlaw.com

Jason Marcus
Bracker & Marcus
3355 Lenox Road, Suite 660
Atlanta, GA 30326
Jason@fcacounsel.com

*Attorneys for Relator*

BY: _____
ANDREW KASPER
Assistant United States Attorney
United States Attorney's Office
Eastern Division of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4829
Facsimile: (919) 856-4487
Email: Andrew.Kasper@usdoj.gov
N.C. Bar No. 44515

*Attorney for the United States of America*

4